﻿Citation Nr: AXXXXXXXX
Decision Date: 06/30/20 Archive Date: 06/30/20

DOCKET NO. 190722-13176
DATE: June 30, 2020

REMANDED

Entitlement to an evaluation higher than 20 percent for right ankle degenerative arthritis, status post syndesmotic ORIF (previously evaluated as residuals of right ankle dislocation with pain status post ortho removal of hardware implant) is remanded.

REASONS FOR REMAND

The Veteran served on active duty from February 1989 to March 1992 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. This decision has been written consistent with the new AMA framework.

This matter comes to the Board of Veterans’ Appeals (Board) on appeal from a June 2019 rating decision of the Department of Veterans Affairs (VA) Regional Office. The Veteran timely appealed the June 2019 rating decision and requested the option of direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ) 

 

Entitlement to an evaluation higher than 20 percent for right ankle degenerative arthritis, status post syndesmotic ORIF (previously evaluated as residuals of right ankle dislocation with pain status post ortho removal of hardware implant) is remanded.

The Veteran contends that his right ankle disability should be rated higher than the current 20 percent. See July 2019 Notice of Disagreement. 

The Veteran was granted service connection for right ankle injury in December 1992. An October 2018 rating decision granted a temporary 100 percent rating for right angle surgical or other treatment necessitating convalescence effective September 5, 2018, and then a 20 percent rating beginning December 1, 2018. A November 2018 rating decision noted clear and unmistakable error in the assigned effective date of December 1, 2018 for the reduction of the assigned temporary 100 percent evaluation and changed the 20 percent evaluation to begin January 1, 2019. 

The Veteran was last afforded a VA examination for his right ankle in April 2019. The Board notes the file contains a VA Exam Scheduling Request for June 10, 2019, noting an error occurred in the April 2019 exam as the examiner failed to complete the portion of the exam regarding range of motion during flare-up and when the joint is used repeatedly over time. The Board notes another Exam Scheduling Request for June 13, 2019 which states Veteran refused exam. 

In reviewing the April 2019 VA examination, the Board notes that the exam portion regarding range of motion during flare-up and when the joint is used repeatedly over time was not completed. However, the file does not contain any information regarding the Veteran’s re-scheduled exam.

With regard to the April 2019 VA exam, such findings, however, do not comply with the holding in Sharp v. Shulkin, 29 Vet. App. 26 (2017). An examination that fails to attempt to ascertain adequate information from relevant sources regarding frequency, duration, characteristics, severity, or functional loss during flare-ups or repeated use over time will be considered inadequate. Id. Here, that was not done. 

Under AMA, the Board must remand to the AOJ to correct pre-decisional duty to assist errors. 38 C.F.R. § 20.802(a).

While the Board is mindful that the Veteran is already receiving the maximum evaluation of 20 percent under 38 C.F.R. § 4.71a, Diagnostic Code 5271 for limitation of motion for the ankle. A higher rating under 38 C.F.R. § 4.71a, Diagnostic Code 5270 may be warranted if there is a showing of ankylosis within certain ranges of motion. In light of the holding in Sharp and the criteria set forth in Diagnostic Code 5270, the Board finds that another examination on this matter is needed. On remand, ongoing private and VA outpatient treatment records should also be obtained.

The matters are REMANDED for the following action:

1. Schedule the Veteran for an examination in order to determine the current severity of his service-connected right ankle disability. 

In order to comply with Sharp v. Shulkin, 29 Vet. App. 26

(2017), the examiner is asked to describe whether pain, 

weakness, fatigue and/or incoordination significantly 

limits functional ability during flares or repetitive use, 

and if so, the examiner must estimate range of motion 

during flares or repetitive use. If the examination does

not take place during a flare, the examiner should have

the Veteran describe and/or demonstrate the extent of 

motion loss during flares or repetitive use and provide

the extent of motion loss described in terms of degrees. 

If there is no pain and/or no limitation of function, such

facts must be noted in the report. 

The VA examiner should provide a complete rationale for any opinions provided.

 

2. Readjudicate the matter. 

 

BRANDON A. WILLIAMS

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J. Johnson, Associate Counsel 

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.